(40 App. Div. 206.)

PEOPLE v. CRONK.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

BURGLARY—EVIDENCE—SUFFICIENCY.
Accused was seen on the night of a burglary near the premises broken into, and later in company with his co-defendant, who was seen coming from the premises. There was mud on his trousers like that in a cellar in an adjacent lot where the stolen articles were found, but similar mud was common to all the streets of the town. *Held* insufficient to warrant a conviction.

Appeal from Rockland county court.

Alfred H. Cronk was convicted of burglary in the third degree and grand larceny in the second degree, and he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William M. K. Olcott (Terence J. McManus, on the brief), for appellant.

George A. Wyre, for the People.

GOODRICH, P. J. During the night of April 11, 1898, a store in Nyack, belonging to one Scanlon, was broken into, and two bicycles and other property of the value of $70 were removed. They were subsequently found in a cellar of a house on the adjacent lot, known as the "Bogardus Lot." The only testimony which connects the defendant with the crime is that at about 1 o'clock on the night above mentioned he was seen in the company of his co-defendant, Connors, a few hundred feet distant from the premises broken into, and that about half an hour later he met Connors near the premises after the latter had jumped over the fence into the street from the Bogardus lot, and that there was a patch of mud on Cronk's trousers similar to the mud in the cellar. There was ample evidence to show that a burglary had been committed on the Scanlon premises, but the evidence is not sufficient to connect the defendant with the crime.

In People v. Fielding (decided at the present term of the court of appeals) 53 N. E. 497, that court said:

"The defendant may be guilty, but, in our opinion, he has not been adjudged guilty in accordance with the law. If we disregard a sound and well-established rule in his case because we think he is guilty, we tear down one of the safeguards provided by society for the protection of its citizens, and the precedent may at some time aid in depriving an innocent man of his liberty or his life."

That the defendant Cronk was near the scene of the burglary, and that he was afterwards in company with Connors, who was seen coming from the premises, are simply suspicious circumstances; but they do not afford evidence sufficient to establish the fact that the defendant was guilty of the crime charged in the indictment. As to the mud on the defendant's trousers, the evidence of the officer who testified to the fact shows that similar mud was common to all the streets of Nyack. In our opinion, the evidence, which was purely circumstantial, was insufficient to warrant a conviction. Under section 410 of the Code of Criminal Procedure, the court might have advised the jury to acquit the defendant, and the jury are required to follow his advice. We think that course should have been pursued.

The judgment against the defendant Cronk must be reversed. All concur; CULLEN and BARTLETT, JJ., in result.